UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



-------------------------------------------------------------X

PRASANNA GOONEWARDENA

                 Plaintiff

          -against-

FORSTER & GARBUS LLP


                 Defendant

-------------------------------------------------------------X

         **COMPLAINT**
  (Unlawful Debt. Collection Practices)


CIVIL ACTION No.

TRIAL BY JUDGE
DEMANDED

**Introduction**

1. Plaintiff Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**Jurisdiction and Venue**

2. Jurisdiction of this court arises pursuant to 15 U.S.C 1692K(d), which states that such action may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New York and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## Parties

6. Plaintiff is a natural person residing at 247-34A 77 Cres, Bellerose, NY 11426.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

8. Defendants is a debt collection company located at 60 Motor Parkway, Commack, NY 11725.

9. Defendants is a debt collector as that term is defined by 15 U.S.C. § 1692 a (6), and sought to collect a consumer debt from plaintiff.

10. Plaintiff alleges that all times herein mentioned, the defendant was, and is now, the agent, servant, employee and was acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers.

## Preliminary statement

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692 k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both general and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct

2

the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 USC § 1692d. Second, a "debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 USC § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 USC § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to loss of jobs, and to invasions of individual privacy." 15 USC § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 USC § 1692e.

## Factual allegations

15. At all pertinent times hereto, defendant was allegedly hired by NCO Financial Systems Inc. and National Collegiate Student Loan Trust ("NCSLT") to collect a consumer debt allegedly

3

owed by plaintiff.

16. The alleged debt at issue arose out of transactions which were primarily used to pay for college expenses.

17. On November 29, 2012, defendant commenced legal actions against the plaintiff in Queens Civil Court to collect a debt that was paid off by the guarantor-The Education Resource Institute Inc. ("TERI"). (See Exhibit A.)

18. On or around February 9, 2013, plaintiff spoke with a customer service representative of the servicing company For NCSLT, AES. She indicated to the plaintiff that on 8/2/10, the guarantor, TERI paid NCSLT and took ownership of the loan pursuant to the guaranty. Plaintiff asked the representative to send a copy of that transaction. It indicates that on 8/2/10, TERI paid NCSLT $6,807.47 pursuant to the guaranty and took ownership of the loan.

19. Plaintiff told Ms. Amy Gavlik, employee of the defendant Forster & Garbus that the loan was paid by the guarantor, TERI and she should withdraw the complaint. She refused stating that the loan was never paid off by TERI.. Defendant knowing that NCSLT is not the current loan holder filed four frivolous lawsuits against the plaintiff in Queens Civil Court, and State Supreme Court stating that NCSLT is the current loan holder while the current loan holder is TERI..

20. When the plaintiff called AES again, the representative told the plaintiff that they no long were the servicing company for NCSLT. She said the new servicing company is NCO Financial Systems Inc. and the plaintiff should call NCO Financial Systems Inc. for any additional information

21. Plaintiff called NCO Financial Systems Inc., and spoke with the representative Sarah Moore. She indicated to the plaintiff that the loan was paid off by the guarantor, TERI. Ms. Moore said that for further information, plaintiff should contact Forster & Garbus LLP because Forster & Garbus LLP is aware that all my loans were paid off by the guarantor, TERI.

22. The documents the defendant sent to plaintiff also indicates that on 8/2/10 there is a credit balance of $ 6,807.47 and the principle balance as $0.00. Plaintiff brought this to the attention of Ms. Amy Gavlik, employee of the defendant; she again refused to withdraw the claim. Mr. Ronald Ferraro, the trial attorney for the defendant testified in court on 8/7/13 that NCSLT does not have employees since it is a trust. However, Mr. Ferraro brought a witness to testify stating that she is the custodian of NCSLT, and refused to give her name. Ms. Gavlik repeatedly denied and submitted statements to Court stating that the guarantor never paid the loan off while all the documents and two employees of two different servicing companies indicated that the loan was paid off by the guarantor- TERI. The company that should be suing the plaintiff is TERI not NCSLT and the defendant was aware of this prior to commencing the actions against the plaintiff.

23. The defendant is engaging in criminal fraud  for the purpose of collecting money using NCSLT while NCSLT already was paid.

24. Plaintiff respectfully points to this Honorable Court that the defendant Forster & Garbus LLP has been sued more than 11 times in New York Eastern and Southern District Courts and the defendant settled all the cases except one.

## COUNT 1

### Violation of Section 1692e, f and g of the Fair Debt Collection Practices Act Against Defendant Brought By Prasanna Goonewardena

25. Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

26. By commencing an action by the defendant against the plaintiff, while legally NCSLT is not entitled to receive money from the plaintiff since NCSLT is not the current loan holder, defendant violated 15 USC § 1692 e (10). Defendant violated 15 USC § 1692g of the FDCPA, by failing to provide the name of the current creditor. NCSLT is not the current loan holder. All documentary evidence plaintiff obtained in connection to the four loans indicate that the current loan holder is TERI not NCSLT.

27. Using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 USC § 1692e.

28. Using unfair and unconscionable means to collect or attempt to collect the alleged debt, in violation of 15 USC § 1692f.

## COUNT 2

29. Defendant says on the face of the complaint, "Plaintiff's address is 800 Boylston St. Fl34 Boston, MA 02199." (Exhibit A.) This address belongs to National Collegiate Funding LLC not NCSLT. Defendant also says in the caption that NCSLT is a Delaware statutory Trust. (Exhibit A.) The defendant testified under oath in Queens Civil Court that NCSLT does not have an address, because it is a trust. The defendant used false, deceptive and misleading representations or means in connection with the collection of the debt on behalf of NCSLT. The designation set forth by the defendant, and stating that "Plaintiff's address is 800 Boylston St. Fl34

6

Boston, MA 02199", is not true and confusing and deceptive to the least sophisticated consumer. Thus, this is also a false and deceptive act under 15 USC § 1692e and e(10), and unfair and unconscionable act under 15 U.S.C. §§ 1692f.

### Demand for trial by Judge

30. Plaintiff demands a trial by judge.

31. Plaintiff respectfully requests an expedited trial

WHEREFORE, plaintiff Prasanna Goonewardena respectfully requests that this Honorable Court grant the following relief in his favor:

(A) Statutory damages as provided by § 1692k of the ADCPA;

(B) A declaration that by filing a suit in Court against the plaintiff using NCSLT while the debt was paid in full by the guarantor, TERI violate the FDCPA;

(C) All actual compensatory damages suffered pursuant to 15 U.S.C §1692k(a)(1);

(D) Plaintiff respectfully requests this Honorable Court to report the defendant and its employees to proper legal authorities for engaging in criminal fraud against the plaintiff.

(E) Any other relief that this Court deems appropriate under the circumstances.

I PRASANNA GOONEWARDENA affirm and says that the plaintiff Pro Se in this action that the plaintiff has read the foregoing complaint and knows the contents thereof, that the same is true to the plaintiff's knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters plaintiff believe to be true.

Dated: Queens, NY
        November  ı5 , 2013

Respectfully submitted,

Prasanna Goonewardena

7

EXhiBITA

# CONSUMER CREDIT TRANSACTION
## IMPORTANT! YOU ARE BEING SUED!!
### THIS IS A COURT PAPER - *A SUMMONS*

**DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU [GARNISHEED]. IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER, BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK [PERSONAL APPEARANCE] WILL HELP YOU!**

*Civil Court of the City Of New York*          NOV 2 6 2012          *Summons And Formal Complaint*

*County of* QUEENS                                                                    R

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2007-2, A DELAWARE
STATUTORY TRUST(S)

*Index No.* 4 0779
*Plaintiff's Address:*     800 BOYLSTON ST FL34
                          BOSTON, MA 02199

                                   *Plaintiff*

*against*

PRASANNA GOONEWARDENA     *Defendant(s)*

FILE NO. MS50000060674
*The basis of venue designated is:*
    *Defendant resides in*     QUEENS

    *Transaction to place in* .. QUEENS

*To the above named Defendant(s)*
*YOU ARE HEREBY SUMMONED to appear in The Civil Court of the City of New York, County of* QUEENS *at the office of the Court Clerk at* 89-17 SUTPHIN BLVD, JAM *in the County of* QUEENS *City and State of New York, within the time provided by the law as noted below and to file your answer to the annexed complaint with the Clerk: upon your failure to answer, judgement will be taken against you for the sum of $* 7,648.07 *together with the disbursements of this action.*
Date: 11/26/12
                                   FORSTER & GARBUS LLP ATTY FOR PLTF
                                   60 Motor Parkway Commack NY 11725

Def.: 24734A 77TH CRES APT A BELLEROSE NY 11426-1880          TEL: (631-393-9400)

Note: The law provides that:(a) if this summons is served by its delivery to you personally within the City Of New York, you must appear and answer within     20     days after such service; or (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed     30 days after proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

# TRANSACCION DE CREDITO DEL CONSUMIDOR
## ¡IMPORTANTE! ¡UD. HA SIDO DEMANDADO!
### ESTE ES UN DOCUMENTO LEGAL - *UNA CITACION*

**¡NO LA BOTE! ¡CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO [EMBARGARLO]. ¡SI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES, [PROPIEDAD] Y PERJUDICAR SU CREDITO! ¡TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE INMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.**

**Civil Court of the City Of New York**
                                      **Summons And Formal Complaint**

**County of**    QUEENS

| | |
|---|---|
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, A DELAWARE STATUTORY TRUST(S) | *No. de epigrafe*<br>*El direccion del Demandante:*    800 BOYLSTON ST FL34<br>                                      BOSTON, MA 02199 |

                                  *Demandante*

        *Vs.*
                                 *La razon de haber designado esta Corte es:*
                                    *El Demandado vive en el Condado de*    QUEENS

PRASANNA GOONEWARDENA   *Demandado(s)*

                                    *La transaccion de credito tuvo lugar en el Condado de*
                                           QUEENS        /

*Al demandado arriba mencionado:*

*USTED ESTA CITADO a comparecer en la Corte Civil de la Cuidad de Nueva York, Condado de* QUEENS    *a    la    oficina    del    Jefe    Principal    de    dicha    Corte    en* .89-17 SUTPHIN BLVD, JAM    *en el Condado de*    QUEENS    *Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley segun abajo indicado y presentar su repuesta a la demanda adjunta al Jefe de la Corte; si usted no comparece a contestar se rendira sentencia contra usted en la suma de $*    7,648.07    *incluyendo los desembolsos de este causa.*

                                              *ausa.*

Fechado,11/26/12                         FORSTER & GARBUS LLP   ATTYS FOR PLTF
                                    60 Motor Parkway Commack NY 11725

Nota: La ley provee que. (a) Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responderla dentro de    20    dias despues de la entrega; o (b) Si esta citacion es entregada a otra persona que no fuera usted personalmente, o si fuera entregada afuera de la Ciudad de Nueva York, o por medio de publicacion, o por otros medios, que no fueran entrega personal a usted en la Ciudad de Nueva York, usted tiene    30    dias para comparecer y responder la demanda, despues de haberse presentado prueba de entrega de la citacion al Jefe de esta Corte.

FILE NO. MS50000060674                                Page 2

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2007-2, A DELAWARE
STATUTORY TRUST(S)

                                    *Plaintiff*
            *against*
PRASANNA GOONEWARDENA              *Defendant(s)*

Plaintiff, by its attorney(s) complaining of the Defendant(s), upon information and belief, alleges:
1. That Defendant(s) resides in the county in which this action is brought; or that Defendant(s) transacted business within the county in which this action is brought in person or through his agent and that the instant cause of action arose out of said transaction.
2. PLAINTIFF IS AUTHORIZED TO PROCEED WITH THIS ACTION.
3. UPON INFORMATION AND BELIEF DEFENDANT(S) BORROWED MONEY FROM PLAINTIFF OR PLAINTIFF'S ASSIGNOR PURSUANT TO A CREDIT AGREEMENT.
4. DEFENDANT(S) HAS DEFAULTED ON SAID AGREEMENT AND $   7,648.07    IS NOW DUE, NO PART OF SAID SUM HAS BEEN PAID ALTHOUGH DULY DEMANDED.

5. DEFENDANT(S) IS IN DEFAULT AND DEMAND FOR PAYMENT HAS BEEN MADE.

6. PLAINTIFF IS THE ORIGINAL CREDITOR AND IS NOT REQUIRED TO BE LICENSED BY THE NYC DEPARTMENT OF CONSUMER AFFAIRS.

2ND CAUSE/ACTION: PLAINTIFF STATED AN ACCOUNT TO DEFENDANT WITHOUT OBJECTION

There is due Plaintiff from Defendant(s) the amount in the complaint, no part of which has been paid, although duly demanded

WHEREFORE Plaintiff demands judgement against Defendant(s) for the sum of $      7,648.07 together with the disbursements of this action.

                                            FORSTER & GARBUS LLP
WE ARE DEBT COLLECTORS; ANY INFORMATION OBTAINED WILL          TEL # 1-631-393-9400
BE USED IN ATTEMPTING TO COLLECT THIS DEBT.        **ATTORNEY(S) FOR PLAINTIFF**
                                            60 MOTOR PARKWAY
                                            COMMACK, NY 11725
                                            **NYC DCA LIC # 1259596**

PURSUANT TO PART 130-1.1-a OF THE RULES OF THE
CHIEF ADMINISTRATOR THIS SIGNATURE APPLIES
TO THE ATTACHED SUMMONS AND COMPLAINT

                                  EDWARD C. KLEIN  JOEL D. LEIDERMAN  RONALD FORSTER

DATED: THE 26 DAY OF NOVEMBER  ,2012
FILE NO. MS50000060674            Page 3                        COPY